Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM SHERMAN,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**ROYAL PRO HEATING AND COOLING LLC,**<br><br>     **Defendant.** | Civil Action No. 23-2075 (ES) (LDW)<br><br>ORDER |

**SALAS, DISTRICT JUDGE**

It appearing that:

  1.  Before the Court is plaintiff William Sherman's, doing business as Super Plumber LLC, ("Plaintiff") unopposed motion for default judgment requesting injunctive relief against defendant Royal Pro Heating and Cooling LLC, doing business as Super Plumbers Heating and Air Conditioning, ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (D.E. No. 8 ("Motion")).

  2.  On April 12, 2023, Plaintiff filed the instant complaint against Defendant. (D.E. No. 1 ("Compl." or "Complaint")). The Complaint asserts at least six causes of action as follows: (i) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (Count I); (ii) unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125 (Count II); (iii) common law unfair competition and trademark infringement under New Jersey law, N.J. Stat. Ann. § 56:4-1, *et seq.* (Count III); (iv) civil racketeering under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* (Count IV); (v) consumer fraud under New

Jersey law[1] (Count V); and (vi) tortious interference with prospective economic advantage (Count VI). (*Id.* ¶¶ 25–62).

3. According to the Complaint, Plaintiff has provided plumbing and related services throughout New Jersey, New York, Pennsylvania, Connecticut, and Delaware under the name "Super Plumber, LLC" for over thirty (30) years. (*Id.* ¶¶ 1–2 & 9–10). Plaintiff maintains that since 1984, his business has operated under the SUPER PLUMBER mark, which has been a registered trademark since May 25, 2010, under Registration No. 3792107. (*Id.* ¶¶ 11–14 (citing Ex. A to Compl.)). According to the registration attached to the Complaint, SUPER PLUMBER is a standard character mark used in connection with air conditioning services, heating contractor services, and plumbing services. (Ex. A to Compl.). The registrant and owner of the mark is Super Plumber LLC, a Limited Liability Company with a P.O. Box in Union, New Jersey. (*Id.*).

4. Plaintiff maintains Defendant offers plumbing and related services within the same geographic area as Plaintiff. (Compl. ¶ 16). Plaintiff admits that in or about December 2017, he learned of Defendant's unauthorized use of the SUPER PLUMBER mark in connection with Defendant's plumbing and related services. (*Id.* ¶¶ 17–19 (citing Ex. B to Compl.)). Indeed, Plaintiff further admits that on December 5, 2017, he contacted Defendant to demand that it cease and desist all use of the SUPER PLUMBER mark. (*Id.* ¶ 20). Although the parties had further "informal communication," Defendant allegedly refused to stop using the SUPER PLUMBER mark. (*Id.* ¶ 23). As noted above, Plaintiff brought this lawsuit over five years later, on April 12, 2023. (*See generally id.*).

5. "Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly

---

[1] Plaintiff purports to bring his consumer fraud claim under state law but cites to N.J. Stat. Ann. § 56:8-137 which covers definitions "relative to home improvement contractors." (*See* Compl. ¶¶ 52–57).

served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Travelodge Hotels, Inc. v. Wilcox Hotel, LLC*, No. 17-0391, 2018 WL 1919955, at *3 (D.N.J. Apr. 23, 2018).

6.  As a threshold matter, the Court must examine whether Defendant was properly served in this matter. Plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019).

7.  Federal Rule of Civil Procedure 4 sets forth how a defendant may be served with process. When located in the United States, an entity defendant, such as a corporation or LLC, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporate defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) (cited by Fed. R. Civ. P. 4(h)(1)(A)). Relevant here, New Jersey Court Rule 4:4-4(a)(6) permits service of process on a corporate defendant by way of "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." If service cannot be accomplished on any of those persons, New Jersey law provides that service can be made "on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties." N.J. Ct. R. 4:4-4(a)(6).

8.  On May 1, 2023, Plaintiff apparently served an individual named "Sharon Who Is

Authorized To Accept [service] For Royal Pro" in Lodi, New Jersey. (D.E. No. 4; *see also* D.E. No. 8-2 ("Mov. Br.") at 4).[2]  In addition, although Plaintiff asserts he mailed a copy of the summons and Complaint in "the mailbox of another address associated with Defendant," he neither cites to nor provides any additional information with respect to this mailing. (Mov. Br. ¶ 12).

   9. The Court is not satisfied that Plaintiff properly served Defendant under the applicable federal or New Jersey court rules. Although the process server noted that Sharon "identified themselves as the person authorized to accept with identity confirmed by subject stating their name," the proof of service does not otherwise identify Sharon's last name or her relationship with the corporate Defendant. Moreover, there is no apparent connection between Defendant's principal place of business in Hawthorne, New Jersey (Compl. ¶ 3) and the location of service on "Sharon" in Lodi, New Jersey (D.E. No. 4). Indeed, Plaintiff makes no suggestion and fails to offer any evidence in support of the notion that "Sharon" had the authority to accept service on Defendant's behalf under Rule 4(h)(1)(A), Rule 4(h)(1)(B), or New Jersey Court Rule 4:4-4(a)(6). (*See* Mov. Br. ¶ 12; *see generally* D.E. No. 8-1 (Affirmation of B. Janay)). "Even assuming *arguendo* that [Sharon] was employed by Defendant, this would not be enough, standing alone, to establish her authorization." *See Ratchford v. Foxtials Lounge*, No. 22-1802, 2023 WL 7019274, at *3 (D.N.J. Oct. 24, 2023) (citing *Siegmeister v. Benford*, No. 15-7099, 2017 WL 2399573, at *5 (D.N.J. June 1, 2017) ("Courts have held that service on receptionists or secretaries at defendants' places of business generally is insufficient under Rule 4(e) unless the defendants expressly appointed those employees to receive process." (citations omitted))).

---

[2]  Docket Entry Number 4 was filed under seal on May 3, 2023. (D.E. No. 4). However, Plaintiff has not filed a motion to seal any information contained in Docket Entry Number 4 under Local Civil Rule 5.3, which requires that such motion be filed within fourteen days following the sealed filing of confidential material. Because the Court cannot decipher any confidential information contained in Docket Entry Number 4 (proof of service), it declines to file this Order or any of the information contained herein under seal. Should Plaintiff move to seal any information contained in Docket Entry Number 4, it may also seek to redact corresponding information in this Order provided that Plaintiff sets forth an adequate basis for sealing such material.

10. In addition, Plaintiff may serve the corporate Defendant via mail "if it appears by affidavit . . . that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a)" of New Jersey Court Rule 4:4-4. N.J. Ct. R. 4:4-4(b). Under such circumstance, a plaintiff can serve a corporate defendant by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously by ordinary mail" to the corporation's "registered agent for service, or to its principal place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1)(C)(3); *see also Trs. of the N.J. B.A.C. Health Fund v. Everest Masonry Constructors Inc.*, No. 15-7703, 2017 WL 385036, at *2 (D.N.J. Jan. 26, 2017). Here, however, without citing to any document, declaration, or affidavit, Plaintiff merely contends that "[a] second copy of the summons and complaint was left in the mailbox of another address associated with Defendant." (Mov. Br. ¶ 12). This assertion alone does not reflect whether Plaintiff sent the summons and Complaint by certified or registered mail with a return receipt to Defendant's registered agent, office, or its principal place of business. Thus, Plaintiff's mailing does not constitute adequate service.

11. For these reasons, Plaintiff's motion for default judgment is **DENIED** *without prejudice*. *See, e.g.*, *Manning v. Willingboro Chicken LLC*, No. 21-0542, 2021 WL 4391282, at *3 (W.D. Pa. Sept. 24, 2021) ("While the certificate of service states vaguely that 'PERSON AUTHORIZED TO ACCEPT,' such a statement is insufficient to find that the person served was 'authorized by appointment or by law to receive service of process on behalf of the corporation,' because the certificate did not name the person and did not appropriately identify the person's authority to accept service and their role within the [d]efendant's corporation."); *cf. Days Inns Worldwide, Inc. v. Amar Shakti Enters., LLC.*, No. 18-8011, 2019 WL 3423433, at *4 (D.N.J. July 30, 2019) (finding adequate service where plaintiff served defendants by "regular and certified

mail with return receipt requested" only after a process server "made diligent efforts and inquiry, but was unable to locate [d]efendants").[3]

12.　　As set forth in more detail below, the Court will permit Plaintiff to either (i) renew his motion for default judgment detailing how service on "Sharon" satisfies his service obligations pursuant to the applicable federal and/or New Jersey state rules or (ii) re-execute service of process on Defendant by alternative means permitted under the applicable federal and/or New Jersey state rules. In the interests of judicial economy and efficiency, the Court will identify additional deficiencies and/or points of confusion based on the Court's review of Plaintiff's letter dated September 21, 2023 (D.E. No. 5) and his brief in support of his Motion (Mov. Br.) for further clarification from Plaintiff.

13.　　*First*, Plaintiff appears to concede that "[s]ince the filing of the Complaint," he "has become aware of Defendant's use of the name "Super Service Plumbers," which he contends "is an insufficient change that does not negate [Defendant's] ***prior*** infringement." (D.E. No. 5 at 2 (emphasis added)). Other than this single statement, Plaintiff does not clearly state whether Defendant has ceased all use of the allegedly infringing SUPER PLUMBER mark, which may negate the need for an injunction. Nor does he explain whether Defendant's purported use of "Super Service Plumbers" forms a basis for the relief sought in Plaintiff's Motion. Accordingly,

---

[3]　　*See also Nyholm v. Pryce*, 259 F.R.D. 101, 104–05 (D.N.J. 2009) (denying entry of default judgment where plaintiff failed to offer any direct or circumstantial evidence demonstrating that an "Associate Administrator" was a person capable of accepting service under Fed. R. Civ. P. 4(h)(1)(B)); *Anderson v. Loc. 435 Union*, 791 F. App'x 328, 331 (3d Cir. 2019) (affirming denial of default judgment against corporation where record was "bereft of any evidence" demonstrating that attorney was authorized to receive service of process under Rule 4(h)(1)(B)); *Gutierrez v. Medtronic plc*, No. 22-5573, 2023 WL 376014, at *4 (D.N.J. Jan. 5, 2023) (finding that plaintiff failed to satisfy burden of proving service under Fed. R. Civ. P. 4(h)(1)(B) and N.J. Ct. R. 4:4-4(a)(6) where the only evidence to support service was an affidavit's reference to an individual as the "Authorized Agent"), *report and recommendation adopted*, No. 22-5573, 2023 WL 375729 (D.N.J. Jan. 24, 2023). Indeed, in *Gutierrez*, Magistrate Judge Hammer required plaintiff to supplement the record as to the propriety of service on the corporate defendant where the process server merely indicated that he "[l]eft a copy with a person authorized to accept service, e.g., managing agent, registered agent, etc." without any additional information from the parties. 2023 WL 376014, at *2.

as set forth in more detail below, any renewed motion for default judgment should contain an explanation regarding whether and to what extent Defendant currently uses the SUPER PLUMBER mark as alleged in the operative Complaint.

14. ***Second***, Plaintiff appears to have withdrawn his claims "for monetary damages" in exchange for the injunctive and other non-monetary relief sought in his Motion. (D.E. No. 5 at 5; *see also* Mov. Br. ¶ 3 (noting that Plaintiff "offer[ed] to waive financial damages if injunctive relief would be granted regarding the domains, phone numbers, and other means of Defendant's infringing use"); D.E. No. 8-3 (proposed order)[4]). Significant here, while Plaintiff raises six (6) causes of action in his Complaint, he never specifies which cause(s) of action form the basis of the ***injunctive relief*** he seeks in his Motion. Indeed, while Plaintiff briefed the merits of all six (6) causes of action, his proposed order appears to relate only to Counts I through III for trademark infringement and unfair competition. Thus, as provided below, should Plaintiff decide to file a renewed motion for default judgment, he shall clearly state which cause(s) of action form the basis of his motion along with the relief sought under each specific count.

15. ***Third***, the Court has some concerns regarding Plaintiff's relationship to Super Plumber LLC—the registered owner of the mark at issue. (*See* Ex. A to Compl.). Relevant here, "Section 32 of the Lanham Act grants standing to assert a claim of trademark infringement to the 'registrant' of the mark, 15 U.S.C. § 1114(1), and defines registrant as including the registrant and its 'legal representatives, predecessors, successors and assigns.'" *Zinn v. Seruga*, No. 05-3572, 2008 WL 482324, at *7 (D.N.J. Feb. 19, 2008) (first quoting *Calvin Klein Jeanswear Co. v. Tunnel*

---

[4] Although Plaintiff's proposed order sets forth terms that would (i) permanently enjoin Defendant's use of SUPER PLUMBER and (ii) force Defendant's destruction of infringing advertisements and its surrender of "digital uses of the mark," the proposed order also provides—contrary to Plaintiff's contention regarding its waiver of damages—"that Plaintiff's attorney's fees be included in any required proof hearing ***to determine damages***." (D.E. No. 8-3 at 1–2 (emphasis added)).

7

*Trading*, No. 98-5408, 2001 WL 1456577, at *4 (S.D.N.Y. Nov. 16, 2001); and then quoting 15 U.S.C. § 1127 (cleaned up)). Here, it appears Plaintiff is an individual who, according to the Civil Cover Sheet, does business as "Super Plumber LLC." (D.E. No. 1-1 at 1; *see also* Compl. ¶ 10 ("Sherman is a local plumber with nearly forty years of providing service to his community and the surrounding areas and states")). However, it remains unclear whether Plaintiff is a legal representative and/or the owner of the SUPER PLUMBER mark such that he has standing to sue for the various causes of action lodged in the Complaint.

16.     ***Finally***, and perhaps most significantly, the facts as alleged raise an issue of timeliness and a question of delay in filing, as Plaintiff alleges actual knowledge of Defendant's allegedly infringing trademark use as early as December 2017 when Plaintiff first demanded Defendant cease and desist use of the SUPER PLUMBER mark. (Compl. ¶¶ 17 & 20). Although the Lanham Act does not contain an explicit statute of limitations, it "subjects all claims to 'the principles of equity,' such as laches." *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 220 (3d Cir. 2021) (quoting *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 135 (3d Cir. 2005)); *see also* 15 U.S.C. § 1117(a). Thus, for Plaintiff's Lanham Act claims, and any other claims that remain the subject of his motion for default judgment, Plaintiff shall address the applicable statute of limitations and any potential defenses regarding the timeliness of this lawsuit.

Accordingly, **IT IS** on this 16th day of December 2024,

**ORDERED** that Plaintiff's motion for default judgment is **DENIED** *without prejudice*; and it is further

**ORDERED** that within thirty (30) days of the date of this Order, Plaintiff shall either (i) file a renewed motion for default judgment detailing how service on "Sharon" satisfies his service obligations pursuant to the applicable federal and/or New Jersey state rules or (ii) re-execute

service of process on Defendant by alternative means permitted under the applicable federal and/or New Jersey state rules; and it is further

**ORDERED** that if Plaintiff chooses to re-serve Defendant, Plaintiff shall also move to vacate the Clerk's Entry of Default; and it is further

**ORDERED** that any renewed motion for default judgment—whether in response to this Order or following renewed service on Defendant—shall include the following:

(1) a statement delineating when and how Plaintiff served Defendant in accordance with the applicable federal and/or New Jersey state rules;

(2) a document reflecting proof of renewed service, if applicable;

(3) a status update regarding Defendant's use of the SUPER PLUMBER mark;[5]

(4) a clear statement regarding the claim or claims that form the basis of the motion for default judgment;

(5) an explanation regarding Plaintiff's standing to bring any claims that are the subject of the default judgment motion and whether such claims are properly brought on behalf of an LLC;

(6) an analysis of the applicable statute of limitations periods for each claim that is the subject of the default judgment motion and whether Defendant has any viable defenses, including but not limited to the doctrine of laches; and

(7) a proposed form order that clearly delineates the relief sought pursuant to each applicable Count that remains the subject of the default judgment motion in

---

[5] In the event Defendant no longer uses the SUPER PLUMBER mark and Plaintiff believes Defendant's use of another mark can support a legal claim, he may seek leave to amend the complaint as appropriate. Furthermore, to the extent Defendant no longer uses the SUPER PLUMBER mark and Plaintiff proceeds with a renewed motion for default judgment, Plaintiff shall explain the appropriateness of the relief sought including whether any request for injunctive relief is moot.

compliance with Local Civil Rule 7.1(e); and it is further

**ORDERED** that Plaintiff's motion for default judgment (D.E. No. 8) is administratively **TERMINATED** for docket management purposes only.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
